### Donald G. DIXSON, Plaintiff,

v.

### BURLINGTON NORTHERN RAILROAD COMPANY, a Corporation, Defendant.

### No. CV89–L–565.

United States District Court,
D. Nebraska.

June 9, 1992.

Michael K. High, Lincoln, Neb., for plaintiff.

Richard Knudsen, Lincoln, Neb., for defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

URBOM, Senior District Judge.

The plaintiff, Donald G. Dixson, brought this action under the Federal Employers Liability Act (FELA) against his employer, Burlington Northern Railroad Company, for injuries sustained in the course of his employment. The complaint alleges numerous acts of negligence in violation of FELA. The defendant has filed a motion for partial summary judgment on the ground that the plaintiff is barred from recovery on its claim that Burlington Northern was negligent in failing to comply with the provisions of 49 C.F.R. § 229.-43. (*See* Compl. ¶ 8(a)(8)).

■ This cause of action arises from Dixson's alleged exposure to diesel exhaust fumes and other products of combustion which entered the cab of a trailing locomotive he was occupying while on the job as a rear brakeman. The regulation underlying the claim challenged in this motion, section 229.43(a), requires that:

"Products of combustion shall be released entirely outside the cab and other compartments. Exhaust stacks shall be of sufficient height or other means provided to prevent entry of products of combustion into the cab or other compartments under usual operating conditions."

The parties correctly identify the issue as one of statutory construction even though they differ as to whether the statute is ambiguous. The defendant maintains the regulation is ambiguous because it is not clear whether the cabs of trailing locomotives are included in the prohibitions stated therein. Accordingly, the defendant argues, the court must show great deference to agency interpretation of the regulation. In support of its position the defendant has filed a letter from the Federal Railroad Administration (FRA) Assistant Chief Counsel for Safety, Gregory B. McBride, that states the FRA "interprets this section as applying to situations in which combustion gases enter 'the cab' of the locomotive actually releasing the exhaust fumes." (Filing 33). This interpretation is based, at least in part, on the language of the sections that gave rise to section 229.43. According to the McBride's letter:

"The regulatory history of the regulation supports this interpretation. Section 229.43, promulgated on March 31, 1980, is a consolidation of previous sections 230.259 and 230.327. Section 230.259 stated that exhaust stacks should be provided to prevent entry of exhaust gases into 'enginemen's compartments....' Application of this limitation to gases entering just the engineman's compartment, as opposed to other cars following the locomotive, has been carried forth in the enforcement process and in the regulation's present modified form."

The plaintiff, on the other hand, maintains that the statute is clear in its application to any cab or compartment in which crew members are riding. "Cab" is defined in section 229.5(b) of the regulations as "that portion of the superstructure designed to be occupied by the crew operating the locomotive." Therefore, according to the plaintiff, when crew members are riding in a trailing locomotive, they are clearly riding in a cab as defined by the regulation.

I am of the opinion that the regulation is ambiguous as to whether its prohibitions apply to trailing locomotives. Although "cab" is defined elsewhere in the regula-

tions, I find no such guidance for the term "other compartments."

"Since this involves an interpretation of an administrative regulation a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt." *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945). In this case, "the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Id.* To be given effect, that interpretation need not be the only reasonable one or the one that the court "would have reached had the question arisen in the first instance in judicial proceedings." *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143, 153, 67 S.Ct. 245, 250, 91 L.Ed. 136 (1946).

Under this standard, I must find that the plaintiff is precluded from recovering on its claim for failure to comply with 49 C.F.R. § 229.43. The plaintiff admits he was riding in a trailing locomotive at the time of the alleged injury. As stated by an agency official, that regulation applies only to the operating locomotive, notwithstanding recent industry changes eliminating cabooses on many trains and making it necessary for crew members to ride in trailing locomotives. *See Smith v. Sorensen*, 748 F.2d 427, 433 (8th Cir.1984) (letter from agency director stating agency interpretation of guideline was entitled to considerable weight). Accordingly, the defendant cannot be liable under that regulation for injury sustained by the plaintiff while riding in a trailing locomotive.

Pursuant to Fed.R.Civ.Proc. 56, summary judgment is properly granted when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, it is clear that no genuine issue of material fact remains and the case may be decided as a matter of law. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden shifts to the nonmoving party to produce evidence of

the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The defendant is entitled to judgment as a matter of law as it has met its burden of establishing there is no genuine issue of material fact while the plaintiff has not met its burden to produce evidence showing there is a disputed issue. Judgment shall be entered in favor of the defendant as to the claim for failing to comply with 49 C.F.R. § 229.43.

IT IS THEREFORE ORDERED the defendant's motion for partial summary judgment, (filing 31), is granted.